IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SMYTH, AE-3113, | )<br>) |
| Petitioner, | ) No. C 13-0487 CRB (PR)<br>) |
| vs. | ) ORDER GRANTING<br>) MOTION TO DISMISS |
| B. DUFFY, Acting Warden, | )<br>) (Docket # 14) |
| Respondent. | )<br>) |

I.

Petitioner, a state prisoner incarcerated at the California Medical Facility, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2010 conviction from the Contra Costa County Superior Court on the ground that he received ineffective assistance of counsel.

On May 28, 2013, the court found that, liberally construed, petitioner's claims of ineffective assistance of counsel appear cognizable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. After several extensions of time, respondent has filed a motion to dismiss on the grounds that the petition is wholly unexhausted. Petitioner has not filed an opposition or response despite being advised to do so.

## II.

Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c).  Petitioner has not done so.  He has not presented the Supreme Court of California with an opportunity to consider and rule on his federal claims.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California must be given at least one opportunity to review state prisoners' federal claims).

Petitioner was convicted by a jury of making criminal threats in violation of California Penal Code section 422, and was sentenced to four years in state prison.  He appealed his conviction to the California Court of Appeal claiming that the trial court erred in denying his motion for mistrial based on a witness's inadvertent mention of petitioner's prior conviction.  But the court of appeal rejected the claim and the Supreme Court of California denied review.

In his federal petition, petitioner claims ineffective assistance of counsel on three grounds: (1) trial counsel purposely sabotaged his defense by failing to obtain his phone records, which he contends would have provided exculpatory evidence; (2) triAL counsel had petitioner's cell phone reactivated for a different subscriber, an action trial counsel knew would destroy relevant records; and (3) trial counsel failed to share exculpatory evidence with him.  None of these claims were raised in petitioner's direct appeal or on state collateral review.

III.

For the foregoing reasons, respondent's motion to dismiss (docket #14) for failure to exhaust state judicial remedies is GRANTED.  See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (state prisoner's federal habeas petition should be dismissed if state judicial remedies have not been exhausted as to any of the claims in the federal petition).  The dismissal is without prejudice to filing a new federal petition after state judicial remedies are exhausted.

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED:   March 28, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.13\Smyth, R.13-0487.mtd.wpd